PEOPLE v ROSS

Docket No. 101834. Submitted March 7, 1989, at Detroit. Decided August 2, 1989. Leave to appeal denied, 433 Mich 905.

Kenneth L. Ross was convicted of two counts of felonious assault following a jury trial in the Recorder's Court for the City of Detroit. The trial court, Michael J. Talbot, J., sentenced defendant to three years probation. Defendant appealed contending that he was denied a fair trial as a result of numerous comments and questions by the trial judge during the trial.

The Court of Appeals *held:*

The trial judge's conduct seriously undermined the effectiveness of the defense and constituted an abandonment of his mantle of judicial impartiality thereby denying defendant a fair trial. The jury may have been unduly influenced by the judge's conduct. The trial judge's questioning of defendant prejudiced him and denied him a fair trial.

Reversed and remanded.

SULLIVAN, J., dissented. He would find that the trial judge did not abuse defense counsel to the extent that a new trial is warranted and that the judge's conduct did not influence the jury to the detriment of the defendant. He would find that defendant had a fair trial.

1. CRIMINAL LAW — TRIAL — TREATMENT OF COUNSEL.

A defendant has a right to be represented by an attorney who is treated with the consideration due an officer of the court.

2. CRIMINAL LAW — TRIAL — TREATMENT OF COUNSEL — APPEAL.

A trial court's unfair criticism of defense counsel in front of the jury is always improper, but reversal is necessary only where such conduct denies the defendant a fair and impartial trial by unduly influencing the jury.

3. CRIMINAL LAW — TRIAL — WITNESSES — QUESTIONING BY JUDGE.

A trial judge may question witnesses to clarify information or to

REFERENCES

Am Jur 2d, Trial §§ 88, 106, 113, 116.

See the Index to Annotations under Attorney or Assistance of Attorney; Credibility of Witnesses; Fair and Impartial Trial; Judges.

elicit additional relevant information but must avoid any invasion of the prosecutor's role and exercise caution so that his questions will not be intimidating, argumentative, prejudicial, unfair or partial.

4. Criminal Law — Trial — Witnesses — Questioning by Judge.

The test for whether a new trial should be ordered because of the trial court's comments and questions directed to a witness is whether the questions and comments may well have unjustifiably aroused suspicion in the mind of the jury as to the witness' credibility and whether partiality quite possibly could have influenced the jury to the detriment of the defendant's case.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of the Criminal Division, Research, Training and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.*, and *Anne Yantus*), for defendant on appeal.

Before: McDonald, P.J., and Sullivan and Neff, JJ.

Per Curiam. Following a jury trial, defendant was convicted of two counts of felonious assault, MCL 750.82; MSA 28.277. Defendant was sentenced to three years probation. Defendant now appeals as of right and we reverse.

Defendant contends that he was denied a fair trial by numerous comments and questions by the trial judge. Defendant complains of several instances where the trial judge belittled defense counsel and called into question his skills and abilities. Defendant also contends that the manner and scope of the trial court's examination of witnesses, particularly its questioning of defendant concerning his intoxication and memory of the

evening in question, exhibited the court's partiality against defendant and his attorney. We agree with defendant that the trial judge's conduct seriously undermined the effectiveness of the defense and constituted an abandonment of his mantle of judicial impartiality which denied defendant a fair trial.

A defendant has a right to be represented by an attorney who is treated with the consideration due an officer of the court. Belittling observations aimed at defense counsel are necessarily injurious to the one he represents. Trial judges who berate, scold, and demean an attorney, so as to hold him up to contempt in the eyes of the jury, destroy the balance of impartiality necessary for a fair hearing. *People v Anderson,* 166 Mich App 455, 461-462; 421 NW2d 200 (1988), lv den 432 Mich 858 (1989). Although unfair criticism of defense counsel in front of the jury is always improper, reversal is necessary only where the court's conduct denied the defendant a fair and impartial trial by unduly influencing the jury. *Anderson, supra.* We believe that the trial judge's conduct here destroyed the balance of impartiality and unduly influenced the jury.

We also believe that the trial judge's questioning of defendant prejudiced him and denied him a fair trial. A trial judge may question witnesses to clarify information or to elicit additional relevant information. The trial court's discretion in questioning witnesses, however, is not unlimited. The trial judge must avoid any invasion of the prosecutor's role and must exercise caution so that his questions will not be intimidating, argumentative, prejudicial, unfair, or partial. *People v Sterling,* 154 Mich App 223, 228; 397 NW2d 182 (1986). The test for whether a new trial should be ordered is whether the judge's questions and comments may

well have unjustifiably aroused suspicion in the mind of the jury as to a witness' credibility and whether partiality quite possibly could have influenced the jury to the detriment of the defendant's case. *Sterling, supra.*

We find that the following exchange between defendant and the trial court was improper because the trial court's comments may well have unjustifiably aroused suspicion in the mind of the jury as to defendant's credibility:

> *The Court:* Did you know what you were doing?
> *The Defendant:* No I didn't.
> *The Court:* That night you didn't know what you were doing?
> *The Defendant:* I don't have that clear of recollection of what I was doing.
> *The Court:* At what point, sir, is it that you don't have a recollection of what you were doing?
> *The Defendant:* When I got in my car and I started to leave.
> *The Court:* Oh, I see. Before that everything is clear in your mind? You knew what you were doing, and you know what happened to you?
> *The Defendant:* I knew I needed to run away from Mr. Brown because he seemed like he really wanted to persist in . . .
> *The Court:* Did you do anything in an intoxicated state? Do you think you did anything intoxicated?
> *The Defendant:* I don't understand.
> *The Court:* Oh. Plain English. Do you think you did anything wrong—use that word—while intoxicated?
> *The Defendant:* No I didn't.
> *The Court:* All right.

We are particularly sensitive to the trial judge's conduct here because there was a one-on-one credibility contest between defendant and the victim,

and the credibility of the witnesses may well have been a very close issue for the jury. The trial judge's conduct towards defense counsel and his questioning of defendant could easily have influenced the jury to the detriment of defendant's case.

In light of our resolution of this case, we need not address defendant's remaining argument.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

SULLIVAN, J. (dissenting). I dissent.

The patience of a judge is neither more nor less than that of other men and women. All of us live to regret our words more often than our silence. But here the trial judge, if his patience was in short supply, did not demean counsel by his comments so as to cross over the line between that which is fair and that which is unfair.

This Court in *People v McIntosh,* 62 Mich App 422, 438-439; 234 NW2d 157 (1975), rev'd in part on other grounds 400 Mich 1; 252 NW2d 779 (1977), stated:

> A judge is no less human because he has become a judge. He is not devoid of opinion or emotional reaction to those about him or always correct in those opinions and reactions. He has, perhaps, more bad days than good ones, and nothing about the occupation shields him from the stress and distress of counsel and litigants in their most trying moments. He is conscious that he is the one person involved whose presence, in itself, should have a benign effect on the course of trial, and that if he cannot fulfill that role, the end of an impartial trial may be lost. Ideally he would always discreetly and circumspectly subordinate his opinions and emotions so as to display courtesy

and impartiality to counsel and litigants notwithstanding their actions.

It is not always possible; and it does not follow that every deviation from the ideal requires a new trial. Few verdicts would ever stand were that so. Rather, recognizing both human fallibility and the stress of trial, each case is to be reviewed in its entirety to determine whether an atmosphere of prejudice has crept in which may have deprived the appellant of a fair trial.

Even if the trial judge was abrupt on occasion, he did not abuse defense counsel to the extent that a new trial is warranted. In other words, I do not believe the judge's conduct influenced the jury to the detriment of defendant. As has often been said, a defendant is entitled to a fair trial, not a perfect one. No defendant can ask for more. This defendant did not receive less.