LAMSON v MARTIN

Docket No. 101649. Submitted November 14, 1989, at Detroit. Decided
    February 5, 1990. Leave to appeal applied for.

   James C. Lamson, personal representative of the estate of Jeffrey
     C. Lamson, deceased, brought a wrongful death action in the
     Oakland Circuit Court against Sherry L. Martin. The court,
     Jessica R. Cooper, J., denied plaintiff's request to give a modi-
     fied version of the standard jury instruction on future damages.
     Plaintiff's request was to give a future damages instruction
     which read "the length of time each probably would have
     sustained damages as I previously instructed" instead of "the
     length of time each probably would have received services or
     other benefits." The court granted a judgment based on the
     jury verdict after setoffs and denied a motion for a new trial or
     additur. Plaintiff appealed, alleging that the future damages
     instruction given was erroneous because it precluded an award
     of damages for future loss of decedent's companionship.

   The Court of Appeals *held:*

   The court erred in denying plaintiff's request for the instruc-
     tion and the error required reversal.

   Reversed and remanded.

NEGLIGENCE — WRONGFUL DEATH — DAMAGES — LOSS OF COMPAN-
    IONSHIP — JURY INSTRUCTIONS.

   An award of future damages for loss of companionship is war-
     ranted in a wrongful death action and a jury instruction to
     that effect must be given where requested and the point is not
     otherwise covered in the jury charge.

*Brescoll & Associates, P.C.* (by *James A. Bres-
coll*), for plaintiff.

*Taylor, Carter, Butterfield, Riseman, Clark &
Howell, P.C.* (by *Carl M. Riseman*), for defendant.

REFERENCES

Am Jur 2d, Death § 253.
Measure and elements of damages for personal injury resulting in
    death of infant. 14 ALR2d 485.

Before: Sullivan, P.J., and Doctoroff and Reilly, JJ.

Reilly, J. Plaintiff's minor son was killed in a two-car accident involving another minor, who was intoxicated at the time. Defendant supplied alcohol to the second minor but was not involved in the accident. Plaintiff's complaint against defendant was premised on social host liability. See *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985). Following a jury trial, plaintiff was awarded $30,000 in damages. This amount was later reduced to zero when the trial court offset $116,926.48 that was paid to plaintiff in a prior settlement with the minor defendant. Plaintiff's subsequent motions for new trial or for additur were denied. Plaintiff now appeals as of right. We reverse and remand for a new trial.

I

In its instructions to the jury, the trial court included the following direction as to the computation of future damages:

> If you find for the plaintiffs, then in determining the amount of damages you may consider *the length of time each probably would have received services or other benefits* from Jeffrey C. Lamson, taking into consideration the number of years he was likely to have lived and how long plaintiffs are likely to live. In making this determination you may consider the mortality table which is a part of our statutes. [See SJI2d 53:02. Emphasis added.]

On appeal, plaintiff argues that this instruction was error because it precluded an award of damages for the future loss of decedent's companionship. Although the trial court agreed to give, and

did in fact give, the standard instruction for loss of companionship, SJI2d 45:02, plaintiff had requested that the future damages instruction be altered to read "the length of time each probably would have sustained damages as I previously instructed," instead of "the length of time each probably would have received services or other benefits." Having reviewed the record, we conclude that the trial court erred in denying this request.

A properly requested standard jury instruction must be given if it accurately states the law and is applicable to the case. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 711; 436 NW2d 733 (1989). However, when a party requests an instruction which is not directly covered by the standard jury instructions, the decision to grant or deny the request is within the discretion of the trial court. *Houston v Grand Trunk W R Co,* 159 Mich App 602, 608; 407 NW2d 52 (1987). The trial court should consider whether the requested jury instruction is applicable and accurately states the law. *Id.*

Although it appears that no Michigan court has previously addressed the exact issue of whether a damage instruction for the future loss of companionship is applicable under the wrongful death act, MCL 600.2922; MSA 27A.2922, we note that such damages have nonetheless been previously awarded. See *Neal v Friendship Manor Nursing Home,* 113 Mich App 759, 766; 318 NW2d 594 (1982); *Currie v Fiting,* 375 Mich 440, 454; 134 NW2d 611 (1965). Moreover, the very concept of "loss of companionship" suggests damages that occur in the future. Although a family member can logically be lost only once, since there is only one moment of death, the effect of that death on the survivors, i.e., the loss of companionship, cannot be so limited in time. Unlike damages for

tangible losses, which may be calculated solely by reference to the item's value at the time of the loss, or its replacement value, damages for irreplaceable intangible losses, such as the loss of companionship, must be calculated, at least in part, with reference to the time frame in which the intangible asset would have been enjoyed. Since this time frame reasonably includes the remainder of a survivor's expected life span which does not exceed the expected life span of the deceased prior to his untimely demise, an award of future damages for loss of companionship is warranted in wrongful death actions. Thus, plaintiff's requested modification of the future damages instruction was applicable and accurately stated the law. See *Houston, supra.*

II

Having reached this conclusion, we must next consider whether the trial court's denial of the request constitutes error requiring reversal. We note that a trial court need not give an otherwise applicable nonstandard instruction if it would add nothing to an otherwise balanced and fair jury charge. *Houston, supra.* However, considering the entire instructions given here, we reject defendant's assertion that the future damage instruction as given was fair and balanced or otherwise permitted the jury to award future damages for loss of companionship.

In giving SJI2d 45:02, the standard instruction for damages resulting from wrongful death, the trial court included as elements both the loss of services and the loss of companionship. However, in giving the future damages instruction, SJI2d 53:02, the trial court listed only the former ele-

ment. Since the absence of the latter element is conspicuous, we doubt that the jury, on their own, would have included it in calculating future damages. Moreover, it is not reasonable to conclude that the jury considered loss of companionship to be covered by the reference to "other benefits" in the instruction. Since this reference was coupled to the term "services," i.e., "services *or* other benefits", we conclude that it is more reasonable that the jury considered the reference to be limited to financial benefits.

In addition, we also find that the trial court's instructional error is such that our failure to reverse would be inconsistent with substantial justice. See *Petrove, supra.* We note that, since the trial court properly declined to specifically instruct as to plaintiff's loss of financial support, based on lack of sufficient evidence, the primary element of plaintiff's damages was future loss of companionship. That plaintiff was thereby prejudiced is evidenced by the jury's award of only $30,000 to cover the loss suffered by the entire family.

### III

Because we conclude that plaintiff is thus entitled to a new trial on the basis of the instructional error, we decline to address plaintiff's remaining appellate issues. We also decline to address defendant's assertion that the error was harmless, based on an argument that the trial court erred in denying defendant's motion for summary disposition. In the absence of a cross appeal, an appellee is precluded from raising allegations of error. *Kim v Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d 203 (1988).

Reversed and remanded for trial.