LESTER N TURNER, PC v EYDE

Docket No. 103758. Submitted November 7, 1989, at Lansing. Decided
February 21, 1990. Leave to appeal applied for.

Lester N. Turner, P.C., and Lester N. Turner brought an action
in the Eaton Circuit Court against Patrick R. Eyde and others
for attorney fees. Defendants counterclaimed. The court, Zoe S.
Burkholz, J., entered a judgment on a jury verdict in favor of
plaintiffs in the amount of $237,829.47 plus interest and costs
and in favor of defendants in the amount of $1 plus interest
and costs. Defendants moved for judgment notwithstanding the
verdict or a new trial, which were denied. Defendants appealed.

The Court of Appeals *held:*

1. The standard for the Court of Appeals in reviewing the
denial of a motion for a directed verdict or for judgment
notwithstanding the verdict is that the testimony and all
legitimate inferences that may be drawn therefrom must be
viewed in the light most favorable to the nonmoving party. If
there are material issues of fact upon which reasonable minds
could differ, the matter is one properly submitted to the jury
since neither the trial court nor the Court of Appeals has the
authority to substitute its judgment for that of the jury. An
attorney is not precluded from collecting a fee for the reason
that the client does not agree with the attorney's accounting
system or payment schedule. Plaintiffs and defendants pre-
sented contradictory testimony, requiring a jury to determine
the facts. The court did not err in denying the motion for
judgment notwithstanding the verdict or a new trial.

2. The award on defendants' counterclaim was not grossly
inadequate or contrary to the great weight of the evidence.

Affirmed.

1. MOTIONS AND ORDERS — DIRECTED VERDICT — JUDGMENT NOTWITH-
STANDING THE VERDICT — APPEAL.

The standard for the Court of Appeals in reviewing the denial of

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237, 260, 277.
See the Index to Annotations under Appeal and Error; Attorneys'
Fees; Direction of Verdict; Judgment Notwithstanding Verdict.

a motion for a directed verdict or for judgment notwithstanding the verdict is that the testimony and all legitimate inferences that may be drawn therefrom must be viewed in the light most favorable to the nonmoving party; if there are material issues of fact upon which reasonable minds could differ, the matter is one properly submitted to the jury since neither the trial court nor the Court of Appeals has the authority to substitute its judgment for that of the jury.

2. ATTORNEY AND CLIENT — ATTORNEY FEES — BILLING.

An attorney is not precluded from collecting a fee for the reason that the client does not agree with the attorney's accounting system or payment schedule.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *Frank A. Fleishman*), for plaintiffs.

*John B. Curcio,* for defendants.

Before: WEAVER, P.J., and BRENNAN and NEFF, JJ.

PER CURIAM. Defendants appeal as of right from an order of judgment entered against them and in favor of plaintiffs in the amount of $237,829.47 plus costs and interest and in favor of defendants and against plaintiffs in the amount of $1 plus costs and interest on defendants' counterclaim. Defendants also filed a motion for judgment notwithstanding the verdict or for a new trial, which was denied by the trial court. We affirm.

I

Defendants claim that the trial court erred in denying their motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Defendants argue that Turner breached his fiduciary duty to defendants by failing to present defendants with reliable, accurate, and appropriate bills for services rendered and that an attorney

who breaches his fiduciary duty to his client forfeits the right to compensation.

A trial judge may grant a new trial when the verdict is "clearly or grossly inadequate or excessive," MCR 2.611(A)(1)(d), or when the verdict is "against the great weight of the evidence or contrary to law." MCR 2.611(A)(1)(e).

A decision on a motion for a new trial is within the discretion of the trial court and will not be overturned absent a clear abuse of discretion. *Stallworth v Hazel,* 167 Mich App 345, 353; 421 NW2d 685 (1988). This Court reviews such a decision to determine whether the jury's verdict was against the overwhelming weight of the evidence. *Troyanowski v Village of Kent City,* 175 Mich App 217, 223; 437 NW2d 266 (1988).

A trial court's denial of a motion for judgment notwithstanding the verdict is reviewed to determine whether there are material issues of fact upon which reasonable minds might differ. *Means v Jowa Security Services,* 176 Mich App 466, 471; 440 NW2d 23 (1989). In deciding a motion for directed verdict or for judgment notwithstanding the verdict, a trial court must examine the testimony and all legitimate inferences that may be drawn from that testimony in a light most favorable to the nonmoving party. When the evidence is such that reasonable jurors could disagree, neither the trial court nor this Court may substitute its judgment for that of the jury. *Means, supra.*

In reviewing motions for a new trial and motions for a directed verdict, this Court recognizes the unique opportunity of the jury and trial judge to observe the witnesses. *Stallworth, supra,* p 354. Here, plaintiffs and defendants presented contradictory testimony which required the jury to determine the credibility of the witnesses.

Defendants' claim that the jury verdict was

erroneous as a matter of law rests on the proposition that any breach of a fiduciary duty by an attorney precludes collection of legal fees and costs. However, none of the cases cited by defendants involves the failure of an attorney to bill his clients in a timely and accurate fashion. We are unconvinced that an attorney is precluded by the Michigan Rules of Professional Conduct from receiving compensation simply because a client disagrees with the accounting system or payment schedule employed by the attorney.

II

Defendants also contend that the $1 award on their counterclaim constitutes plain error and should shock the judicial conscience. We disagree that this verdict is grossly inadequate and contrary to the great weight of the evidence pertaining to the damages sustained by defendants.

Affirmed.