BEVERIDGE v SHORECREST LANES & LOUNGE, INC

Docket No. 142323. Submitted January 18, 1994, at Detroit. Decided April 5, 1994, at 9:00 A.M.

June L. Beveridge brought an action in the Macomb Circuit Court against Shorecrest Lanes & Lounge, Inc., seeking damages for injuries sustained when she fell in the defendant's bowling establishment. On February 23, 1990, the defendant submitted an "Offer of Judgment/Settlement" for $20,000. The plaintiff did not respond until November 23, 1990, when she submitted a "Rejection of Defendant's Offer of Judgment/Settlement and Counter-Offer" for $60,000. The defendant did not respond. The jury returned a verdict of $20,080 for the plaintiff, finding the plaintiff fifteen percent comparatively negligent. The trial court, Raymond R. Cashen, J., entered a judgment for the plaintiff, but denied the defendant's motion for offer of judgment sanctions pursuant to MCR 2.405. The defendant appealed.

The Court of Appeals *held:*

1. Under MCR 2.405, both before and after its amendment March 31, 1990, a counteroffer must be made within twenty-one days. Therefore, the plaintiff's document of November 23, 1990, was an offer, and not a counteroffer, despite being labeled a counteroffer.

2. Each party made an offer, and neither party made a counteroffer. The "average offer" with respect to each party was that party's own offer. Therefore, the plaintiff may recover costs only if the adjusted verdict is greater than $60,000, and the defendant may recover costs only if the adjusted verdict is less than $20,000.

3. Subrule 2.405(D)(2), which precludes the award of costs where an offeree fails to make a counteroffer, does not apply where, as here, each party is an offeror.

4. The matter must be remanded to the trial court for a

REFERENCES

Am Jur 2d, Compromise and Settlement §§ 7, 8; Costs §§ 5, 20.

See ALR Index under Compromise and Settlement; Costs of Actions.

determination of the adjusted verdict and a calculation of costs, if any, to be awarded to the defendant.

Remanded.

1. JUDGMENTS — COSTS — OFFERS TO STIPULATE ENTRY OF JUDGMENT — COUNTEROFFERS.

A counteroffer must be made within twenty-one days after service of an offer and must include a written rejection of the offer; an offer is rejected by the silence of the offeree after twenty-one days (MCR 2.405).

2. JUDGMENTS — COSTS — OFFERS TO STIPULATE ENTRY OF JUDGMENT — COUNTEROFFERS — AVERAGE OFFER.

No counteroffer to stipulate entry of judgment occurs where one party makes an offer and the other does not reply within twenty-one days and then the second party makes an offer and the first party does not reply within twenty-one days; under such circumstances, the average offer with respect to each party is that party's own offer (MCR 2.405).

3. JUDGMENTS — COSTS — OFFERS TO STIPULATE ENTRY OF JUDGMENT — COUNTEROFFERS.

MCR 2.405(D)(2), which precludes the award of costs where an offeree fails to make a counteroffer, does not apply where each party is an offeror.

*Jewell & Jewell* (by *William R. Jewell* and *Howard J. Anderson*), for the plaintiff.

*Kallas & Henk, P.C.* (by *Scott L. Feuer*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's judgment and denial of defendant's motion for offer of judgment sanctions. We remand for further consideration.

The facts of this case are not in dispute. Plaintiff filed a complaint in January 1989 against defendant for injuries sustained when she tripped on a

* Circuit judge, sitting on the Court of Appeals by assignment.

loose or defective floorboard on the approach to a bowling lane. On February 23, 1990, defendant submitted an "Offer of Judgment/Settlement" for $20,000. Plaintiff did not respond. On November 23, 1990, plaintiff submitted a "Rejection of Defendant's Offer of Judgment/Settlement and Counter-Offer" for $60,000. Defendant did not respond. The case proceeded to trial, and the jury rendered a verdict in favor of plaintiff in the amount of $20,080, finding plaintiff fifteen percent comparatively negligent. The trial court denied defendant's motion for offer of judgment sanctions, and this appeal followed.

The issue on appeal is whether defendant is entitled to recover its actual costs, pursuant to MCR 2.405. That court rule provides, in relevant part, as follows:

(A) Definitions. As used in this rule:

(1) "Offer" means a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.

(2) "Counteroffer" means a written reply to an offer, served within 21 days after service of the offer, in which a party rejects an offer of the adverse party and makes his or her own offer.

(3) "Average offer" means the sum of an offer and a counteroffer, divided by two. If no counteroffer is made, the offer shall be used as the average offer.

(4) "Verdict" means the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest.

(5) "Adjusted verdict" means the verdict plus interest and costs from the filing of the complaint through the date of the offer.

* * *

(C) Acceptance or Rejection of Offer.

(1) To accept, the adverse party, within 21 days after service of the offer, must serve on the other parties a written notice of agreement to stipulate to the entry of the judgment offered, and file the offer, the notice of acceptance, and proof of service of the notice with the court. The court shall enter a judgment according to the terms of the stipulation.

(2) An offer is rejected if the offeree

(a) expressly rejects it in writing, or

(b) does not accept it as provided by subrule (C) (1).

A rejection does not preclude a later offer by either party.

(3) A counteroffer may be accepted or rejected in the same manner as an offer.

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

(2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, an offeree who has not made a counteroffer may not recover actual costs. [MCR 2.405, as amended effective March 31, 1990.]

At the time the complaint was filed, the court rule provided that a " '[c]ounteroffer' means a written reply to an offer in which a party rejects an offer of the adverse party and makes his or her own offer." Former MCR 2.405(A)(2). (In all other respects, the relevant portions of the rule are identical.) However, in light of the provision of subrule C that an offer is rejected by silence after twenty-

one days, and the provision of subrule A that a counteroffer must include a written rejection, we believe that even under the former rule, a counteroffer must be made within twenty-one days.

Hence, we conclude that, regardless of which version of the court rule applies, plaintiff's document of November 23, 1990, was an offer, and not a counteroffer, despite being labeled a counteroffer. See *Myers v Jarnac,* 189 Mich App 436, 440-443; 474 NW2d 302 (1991); 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), 1993 Supplement, p 141. (We reject defendant's "reasonable reliance" argument, because defendant was on notice that any response to its offer at this late date could not constitute a counteroffer.)

Accordingly, each party made an offer, and neither party made a counteroffer. Thus, the "average offer" with respect to each party was that party's own offer. That is, plaintiff's "average offer" was $60,000, and defendant's "average offer" was $20,-000. It follows that plaintiff may only recover costs if the adjusted verdict is greater than $60,000, and defendant may only recover costs if the adjusted verdict is less than $20,000. MCR 2.405(D)(1) and (2).

Subrule D(2) precludes the award of costs where an offeree fails to make a counteroffer. We conclude that this subrule does not apply where, as here, each party is an offeror.

We are unable to determine from the record whether the adjusted verdict in this case was greater or less than $20,000, because the trial court's opinion is inconsistent with its final judgment. We acknowledge that both parties appear to concede that the adjusted verdict was less than $20,000; however, this question was not considered in the parties briefs. Because we believe that

justice requires this issue to be addressed, we remand to the trial court for a determination of the adjusted verdict, and a calculation of the costs, if any, to be awarded to defendant. MCR 7.216(A)(7); *Paschke v Retool Industries (On Rehearing),* 198 Mich App 702, 705; 499 NW2d 453 (1993), lv gtd 444 Mich 866 (1993).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.