# STATE OF MICHIGAN

# COURT OF APPEALS

SHRITA PARKER,

        Plaintiff-Appellant,

v

JOHN DOE,

        Defendant,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2017

No. 332461
Wayne Circuit Court
LC No. 14-000942-NI

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Plaintiff Shrita Parker appeals as of right the order of the trial court dismissing the final claim in this case, but challenges the trial court's earlier order granting summary disposition of her claim for uninsured motorist benefits in favor of defendant Progressive Marathon Insurance Company (Progressive), and the trial court's order denying her motion in limine. We affirm.

## I. FACTS

This case arises from a motor vehicle accident that occurred on February 8, 2013, in Canton, Michigan. According to plaintiff, she was driving to work that day when another vehicle merged into her lane and sideswiped her car, causing her to lose control of her car, drive off the road, and hit a pole. The driver of the other vehicle, referred to here as defendant John Doe, was never identified.

Canton police officer Jeffrey Seifert responded to the scene of the accident and filed a police report. During his deposition, Seifert testified that he "vaguely" recalled the accident independently of his report, but had reviewed the report prior to his deposition. Seifert testified that while at the scene of the accident plaintiff had described the accident to him and had indicated that she had been cut off by a merging car with an unidentified driver. According to Seifert, plaintiff was unsure whether the John Doe vehicle actually struck her car. Asked if he

-1-

recalled what plaintiff said independent of his report, Seifert responded "only what I wrote in the narrative, which was she was uncertain if contact had been made." Seifert also testified during his deposition that he saw no damage to plaintiff's car that would indicate that another car had hit plaintiff's car. He testified that his report indicated that it was a single-car accident and that he would have written the report differently if the accident had involved a second car.

Plaintiff had a no-fault insurance policy issued by defendant Progressive. The "uninsured motor vehicle" provision of the policy provides that Progressive is obligated to pay plaintiff uninsured motorist coverage if she sustained a serious impairment of body function in an accident arising from the ownership, operation, maintenance, or use of a motor vehicle, in which an unidentified motor vehicle strikes plaintiff or her vehicle. Plaintiff does not dispute that the uninsured motor vehicle provision of the policy provides coverage in this case only if the vehicle driven by John Doe actually struck her car. Based on this provision, Progressive denied coverage for plaintiff's claim contending that there was no evidence that the John Doe vehicle struck plaintiff's car. Plaintiff thereafter filed this action[1] seeking coverage under the uninsured motorist provision of the policy.

Before the trial court, plaintiff filed a motion in limine seeking to exclude from evidence (1) Seifert's testimony regarding any statement that plaintiff allegedly made to him on the day of the accident, and (2) the officer's opinion as to whether the John Doe vehicle struck plaintiff's vehicle. Meanwhile, Progressive filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), contending that plaintiff had failed to present any credible evidence that the John Doe vehicle struck plaintiff's vehicle.

The trial court denied plaintiff's motion in limine and ruled that Seifert could testify at trial regarding plaintiff's statements to him on the day of the accident and his observations at the scene of the accident. The trial court then granted Progressive's motion for summary disposition, finding that no reasonable juror could find that the two vehicles made contact in light of plaintiff's vague testimony, the officer's testimony that the vehicles did not make contact, and photographs of plaintiff's vehicle showing little or no damage in the area allegedly struck by the John Doe vehicle. The trial court thereafter denied plaintiff's motion for reconsideration and later entered the final order dismissing the remaining claim against defendant John Doe, from which plaintiff now claims an appeal.[2]

---

[1] Plaintiff also filed a suit against defendant John Doe and the trial court consolidated the two cases under the lower court docket number of this action.

[2] Plaintiff initially sought leave to appeal from the non-final order of the trial court granting summary disposition in the consolidated cases before the trial court, resulting in two separately docketed appeals before this Court (Docket Nos. 329771 and 329956). After this appeal was filed from the trial court's final order, this Court on its own motion consolidated the two earlier appeals with this appeal. *Shrita Parker v John Doe*, order of the Court of Appeals, issued May 10, 2016 (Docket No. 329771). Thereafter, upon stipulation of the parties, the appeals were disconsolidated and the appeals in Docket Nos. 329771 and 329956 were dismissed, *Shrita*

## II. DISCUSSION

### A. MOTION IN LIMINE

Plaintiff contends that the trial court erred in denying plaintiff's motion in limine because (1) Seifert's testimony regarding plaintiff's alleged statement on the day of the accident was hearsay and therefore inadmissible pursuant to MRE 802, and (2) Seifert's opinion testimony about whether the two vehicles collided was inadmissible opinion testimony. We disagree.

This Court reviews a trial court's decision on a motion in limine for an abuse of discretion. *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013). An abuse of discretion occurs when the trial court's decision results in an outcome falling outside the range of principled outcomes. *Woodard v Custer*, 476 Mich App 545, 557; 719 NW2d 842 (2006).

Hearsay is defined by MRE 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pursuant to MRE 802, "[h]earsay is not admissible except as provided by these rules." MRE 801(d), however, identifies certain statements that are not hearsay. *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 334; 657 NW2d 759 (2003). Specifically, MRE 801(d)(2) provides that a statement is not hearsay, and therefore not excludable under MRE 802, if "[t]he statement is offered against a party and is (A) the party's own statement."

In this case, Seifert testified during his deposition that he had a vague independent recollection of responding to the accident and that he had refreshed his memory with his police report. At the request of defense counsel, Seifert read from his report the following narrative, and testified as follows:

> A: Vehicle number 1, 2006 Chevrolet Malibu driven by Parker. Stated she was in the second lane from left curb. A vehicle directly to her right changed lanes into her path causing her to slow and change lanes to avoid contact. **Parker was uncertain if the vehicle contacted hers or not.** She began to spin to her right and went up and over the curb striking a power pole along the driver's side rear quarter panel and rear door. Impact pushed the rear fender onto the tire preventing it from being driven. . . . . Rear bumper cracked in center. Molding along passenger side running along the bottom loosened. Pole intact. (emphasis added)

> * * *

> Q: Independent of this report, do you recall if Ms. Parker actually stated that there was – if there was contact between the two vehicles?

---

*Parker v John Doe*, order of the Court of Appeals, issued July 20, 2016 (Docket Nos. 329771, 329956, 332461), leaving this appeal as the sole appeal before this Court in this case.

A: Only what I wrote in the narrative, which was she was uncertain if contact had been made.

The statement that plaintiff sought to exclude as hearsay was her own statement to Seifert at the scene of the accident. Because this statement is said to be plaintiff's own statement and was offered against plaintiff, it is not hearsay pursuant to MRE 801(d)(2), and is therefore admissible.

Plaintiff argues, however, that her statement is hearsay because Seifert testified that he did not have an independent recollection of the statement apart from the police report, and therefore any testimony he could give about a statement made by plaintiff at the accident scene is merely a statement from the police report and not truly a statement by plaintiff. The recollection of a witness may be refreshed using a writing, such as a police report. See *Genna v Jackson*, 286 Mich App 413, 423; 781 NW2d 124 (2009); see also MRE 612. When a witness's recollection is refreshed with a writing, the writing used for that purpose is not substantive evidence but is instead used simply to trigger the recollection of the witness; the recollection is the substantive evidence and not the report or other material used. *People v Favors*, 121 Mich App 98, 109; 328 NW2d 585 (1983). To refresh the recollection of a witness with a writing, a proper foundation must be laid. *Genna*, 286 Mich App at 423. A proper foundation is made upon a showing that (1) the witness's present memory is inadequate, (2) the writing could refresh the witness's present memory, and (3) reference to the writing actually does refresh the present memory of the witness. *Id*.

A review of the record in this case demonstrates that the foundation was established. At the beginning of his deposition, Seifert testified that he had only a vague independent recollection of responding to the accident scene, thereby establishing that his present memory was inadequate. Seifert stated that he had read the report, and that his recollection was essentially limited to what was in the report, thereby establishing that the report had the potential to refresh his present memory. Plaintiff's argument relates to the third factor, in that she suggests that Seifert's present memory was never refreshed by the report, at least not with regard to plaintiff's statement that she was unsure about whether the John Doe vehicle hit her vehicle. In that regard, Seifert testified in response to questioning:

Q: Independent of this report, do you recall if Ms. Parker actually stated that there was – if there was contact between the two vehicles?

A: Only what I wrote in the narrative, which was she was uncertain if contact had been made.

This exchange indicates that the writing did in fact refresh Seifert's memory to the extent of the information contained in the report. That being the case, the trial court's decision to admit the testimony was not an abuse of discretion.

Plaintiff next contends that the trial court erroneously admitted Seifert's opinion testimony about whether the two vehicles collided. In response to plaintiff's motion in limine, the trial court ruled that Seifert could testify regarding what he observed when he responded to the accident scene, including his observations regarding whether the car was damaged and why

he made his report as he did. During his deposition, Seifert testified regarding the accident, in relevant part:

Q: Okay. Do you know if there was any contact between that vehicle and Ms. Parker's vehicle?

A: I didn't see any indication of any kind of contact.

\* \* \*

Q: All right. One unit; correct?

A: One unit listed [in the police report], correct.

Q . . . . You did not identify this [in the police report] as a hit-and-run accident; correct?

A: I did not.

Q: Okay. You've identified this as a one-vehicle accident; correct?

A: That's correct.

Q: Okay. If there was any evidence of contact made between two vehicles, would you list number of units as two or one?

A: I would list it as two and list the other vehicle if unknown as unknown.

Q: Okay. And you would also probably indicate a hit-and-run; is that correct?

A: That's correct.

Q: All right. "Crash type 10, other, unknown," what does that mean?

\* \* \*

A: There's listings of rear-end accident, side accident, side-angle accident. This is listed as "Other" because of the situation where the vehicle lost control and went up over the roadway. There's not a specified diagram for that particular style of accident. So "Other" would be the category that you would use.

\* \* \*

Q: Okay. Now, it says relation to the roadway, what does that mean?

A: "Relation to roadway" says the actual impact or the damage to the vehicle occurred outside of the shoulder, or the curb, meaning the vehicle had traveled from the roadway over the curb and struck a solid object, which was a pole.

Q: Now, if there was any evidence that the vehicle – that there was – if there was any evidence that two vehicles made contact, would that relation to the roadway would that change at all?

A: That would change.

Q: What would that be?

A: It would be listed probably as sideswipe, same direction.

* * *

Q: "Action prior, avoiding vehicle front, back," what does that mean?

A: It means she [plaintiff] reported that a vehicle had entered her lane from her right side and she was avoiding that vehicle.

Q: Okay. So you just testified that she stated that a vehicle entered her lane from the right?

A: Correct. From the passenger side.

Q: Okay. If that's the case, would you expect – and if, in fact, there was a contact between the vehicles, would you expect the damage to be on the right side of the vehicle?

A: I would expect that.

Q: Was there damage to the right side of the vehicle?

A: Not that I recall observing.

Q: And you would have done a complete investigation of this?

A: If there would have been damage along the passenger side, it would have been noted in the report and, therefore, the report would have been listed as different than what it was, which was "Other" for crash type and would have been listed as sideswipe, same.

Q: And then the location of greatest damage and first impact that would also be different; correct?

A: That would be different as well, correct.

* * *

Q: And you also gave us a diagram [in the report]. Did you prepare that?

A: I did.

-6-

* * *

Q:      Okay. This diagram does not show any collision or any impact between the two vehicles; correct?

A:      It does not.

* * *

Q:      Is it your testimony that there was no contact between the two vehicles?

* * *

A:      There was nothing that was indicated that showed contact prior to the vehicle losing control.

Q:      Independent of this report, do you recall if Ms. Parker actually stated that there was – if there was contact between the two vehicles?

A:      Only what I wrote in the narrative, which was she was uncertain if contact had been made.

Q:      Okay. Hypothetically, if there was contact between the two vehicles, where would that contact have been?

A:      If it would have been between a vehicle changing lanes directly into hers, it could possibly be located on the front passenger side of the vehicle, which would be the front quarter panel along the bumper.

Q:      Okay. Again, and you investigated the – or you looked at the vehicle for damage, Ms. Parker's vehicle for damage, when you appeared to the scene?

A:      That would be part of the course to do so. I didn't indicate in the narrative whether or not I observed anything, but normally if I would have observed something I would have included it in there to document this was one of the actions prior.

Q:      You do not believe this was a hit-and-run type accident?

A:      No.

Any witness is qualified to testify regarding the witness's own observations and opinions formed as a result of those observations. *Lamson v Martin (After Remand)*, 216 Mich App 452, 459; 549 NW2d 878 (1996). Lay opinion testimony is permitted by MRE 701 as follows:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

This Court has liberally applied MRE 701 to enable the trier of fact to develop a clearer understanding of the facts. *People v Oliver*, 170 Mich App 38, 50; 427 NW2d 898 (1988), mod on other grounds 433 Mich 862 (1989). In this case, it cannot be said that Seifert's opinions or inferences were not rationally based upon his perceptions, nor can it be said that his testimony was not helpful to a clear understanding of his testimony or the determination of a fact in issue. The trial court therefore did not abuse its discretion in permitting the lay testimony of the witness and denying plaintiff's motion in limine.

## B. SUMMARY DISPOSITION

Plaintiff next contends that the trial court erred in granting Progressive's motion for summary disposition. Again, we disagree. Progressive moved for summary disposition pursuant to both MCR 2.116 (C)(8) and (10), and the trial court did not specify under which section it was deciding the motion. When, as here, the trial court considers documents outside of the pleadings in determining the motion, however, this Court will consider the motion as having been decided pursuant to MCR 2.116(C)(10). See *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

A trial court's decision on a motion for summary disposition is reviewed de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). Summary disposition pursuant to MCR 2.116(C)(10) is warranted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), this Court considers any affidavits, pleadings, depositions, admissions, or other documentary evidence submitted by the parties in the light most favorable to the non-moving party. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The moving party initially has the burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the party opposing the motion to show by evidentiary material that a genuine issue of disputed material fact exists. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440-441; 814 NW2d 670 (2012). A genuine issue of material fact exists when, giving the benefit of reasonable doubt to the non-moving party, the record leaves open an issue upon which reasonable minds could differ. *Id*.

Progressive moved for summary disposition on the ground that there was no evidence to support plaintiff's contention that plaintiff's vehicle was actually struck by the John Doe vehicle. As the moving party, Progressive initially had the burden of supporting its position with documentary evidence. It did so by presenting the deposition testimony of Officer Seifert who testified that (1) at the accident scene plaintiff told him that she was unsure if the John Doe vehicle had hit her vehicle, and that (2) the condition of plaintiff's car indicated that the John Doe vehicle did not hit plaintiff's car. Progressive also offered photographs of plaintiff's vehicle showing little, if any, damage to the area in question. The burden then shifted to plaintiff to produce evidence that a genuine issue of disputed material fact existed. Plaintiff's only offering, however, was her own affidavit and deposition testimony that she believed that her vehicle collided with the John Doe vehicle. During her deposition, plaintiff testified in relevant part:

Q:      [The t]wo cars did come together, correct?

A:      From my impression, yes.

Q:      Was there damage to the rear end of your vehicle after the impact?

A:      Yes.

Q:      Was there damage to any other part of your vehicle?

A:      The front.

Q:      The front and rear. Okay. The front-end impact, that was not with another vehicle though, is that right?

A:      The driver like swiped me across here. (Indicating)

Q:      Okay. We can't really know what you're talking about on the record. If you could describe it in words.

A:      I'm sorry. I'm kind of a visual learner so I see everything in pictures. So, I was just driving down the road, and the car was merging into my lane and I think, you know, swiped me. I don't know at what area exactly, and towards the front of my car. But I do remember feeling that jolt. And then it just – after that, everything is kind of a big scary crying for Jesus blood.

Q:      Was the car merging from your right or the left?

A:      On the passenger side.

Q:      And you felt an impact?

A:      More of like a swipe, that's the best way I can remember to describe it.

When asked during her deposition what she told police at the time of the accident, plaintiff testified:

"That it happened kind of fast. I didn't remember what the car looked like, but I remember feeling the swipe on the passenger side of my car, and then that was basically it.

Similarly, in her affidavit submitted in opposition to Progressive's motion for summary disposition, plaintiff stated in relevant part:

I, Shrita Parker, being duly sworn, state as follows:

1.      I was involved in a motor vehicle crash on February 8, 2013 (the "Crash").

2.      There was a second vehicle involved in the Crash.  That vehicle fled the scene of the Crash.

3.      I believe that the vehicle that fled the scene made physical contact  with my vehicle during the Crash.

The trial court correctly noted that plaintiff's testimony is vague and equivocal.  She is not certain that her vehicle was hit; rather she "believes" that it was and had the "impression" that her car had been hit and she felt that her car had been "swiped."  The trial court also relied upon Seifert's testimony that plaintiff's car did not show evidence of having been hit by another car, and upon the photographic evidence, which did not show damage to the passenger side of the vehicle consistent with the vehicle being "sideswiped."  In light of this evidence, plaintiff's equivocal statements did not carry her burden of presenting enough evidence to create a genuine issue of material fact.  The trial court therefore did not err in granting Progressive's motion for summary disposition.

Affirmed.


/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-10-