AMERICAN CASUALTY COMPANY v COSTELLO

Docket No. 93332. Submitted January 7, 1988, at Detroit. Decided
    January 3, 1989.

Thomas M. Costello, Sr., and John F. Noonan practiced law
    together since the early 1960's. In 1975, William M. Bolger
    became associated with them. They practiced under the name
    Noonan, Costello & Bolger, for which they filed a certificate of
    doing business under an assumed name. They also opened a
    checking account in the name of Noonan, Costello & Bolger. All
    three used stationery with the assumed name on its letterhead,
    and Noonan, Costello & Bolger was listed in the Michigan Bar
    Journal and Martindale-Hubbell. The office had one phone
    number, which was shared by the three attorneys. The expen-
    ses for the firm were paid out of the Noonan, Costello & Bolger
    account after each attorney deposited his share for that partic-
    ular accounting period. The attorneys never executed a part-
    nership contract, never agreed to share profits or losses, never
    filed or paid any partnership tax, and never had a client trust
    account under the Noonan, Costello & Bolger name. Each
    attorney paid his own secretary, and each had his own separate
    set of files for his clients. American Casualty Company pro-
    vided a probate executor bond for which Thomas M. Costello
    was the principal. Costello, as executor of an estate, misappro-
    priated estate funds and used them for his own purposes. As a
    result, American had to pay $100,000 to the estate. American
    filed suit against Costello, Noonan, and Bolger, individually,
    and Noonan, Costello & Bolger in Wayne Circuit Court on the
    theory that Noonan, Costello & Bolger constituted a partner-
    ship in fact or a partnership by estoppel in an attempt to
    recover the $100,000 it had paid. Prior to trial, the court,
    Lucile A. Watts, J., granted partial summary disposition in
    favor of defendants as to plaintiff's claim of partnership by
    estoppel. The only questions remaining for the jury to resolve
    were whether Noonan, Costello & Bolger was a partnership in

REFERENCES

Am Jur 2d, Evidence §§ 14 *et seq.*, 159 *et seq.*, 251-253; Partnership
    §§ 142 *et seq.*

See the Index to Annotations under Judicial Notice; Partnership;
    Presumptions and Burden of Proof.

fact and whether Costello had obtained the appointment as executor to the estate as a result of his association with Noonan and Bolger. The jury indicated that Noonan, Costello & Bolger was not a partnership in fact and that the estate had not relied on Costello's association with Noonan and Bolger when Costello was appointed executor. The jury returned a verdict of no cause of action against defendants. Judgment was entered accordingly, and plaintiff appealed.

The Court of Appeals *held:*

1. The court correctly instructed the jury that the assumed name certificate was one factor, among others, which they could consider in determining whether a partnership in fact existed. The court properly declined to give plaintiff's requested special jury instruction that the assumed name certificate under the law is prima facie evidence of a contract of partnership and that it would be for the jury to decide whether the presumption that a partnership existed had been rebutted.

2. The court did not abuse its discretion in refusing to read to the jury the statute governing certificates of doing business under an assumed name nor in refusing to enter a copy of the statute into evidence. The statute was irrelevant.

3. The court erred in refusing to take judicial notice of the statute. No prejudice resulted from this error, however, because the court correctly recognized and instructed that the certificate could be considered in determining whether a partnership in fact existed.

4. The trial court did not err in excluding from evidence an application for professional liability insurance upon which Bolger's signature bore the designation "partner" and Noonan, Costello & Bolger was identified as a partnership. The issue of partnership by estoppel was dismissed prior to trial as to plaintiff, and the evidence was irrelevant to partnership by estoppel concerning the estate.

5. The court did not err in declining to admit or take judicial notice of certain sections of the Code of Professional Responsibility. The code was irrelevant to the issues being tried.

6. Plaintiff's argument that it was denied a fair trial because the court and defense counsel made several unacceptably critical comments is rejected. No prejudicial error resulted from the making of the remarks.

7. The court did not err in declining to give plaintiff's proffered special jury instruction to cure alleged improper comments made by defense counsel during closing arguments. The comments made were within the bounds of proper argument.

8. Plaintiff's argument that it was entitled to a default

judgment against Noonan, Costello & Bolger because that entity never filed an answer to the complaint is without merit. The central issue for trial was whether a partnership existed.

9. Defendants' request to supplement the trial court's award of mediation sanctions under MCR 2.403(O) is denied. Mediation sanctions for appellate activities are not provided for in the court rules.

Affirmed.

1. EVIDENCE — PRIMA FACIE EVIDENCE.

Prima facie evidence is evidence which, if not rebutted, is sufficient by itself to establish the truth of a legal conclusion asserted by a party.

2. EVIDENCE — PRESUMPTIONS.

In civil matters, a presumption operates to shift the burden of going forward with the evidence.

3. EVIDENCE — PRESUMPTIONS — INFERENCES.

A presumption is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and it permits that person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption; almost all presumptions are made up of permissible inferences; thus, while the presumption may be overcome by evidence introduced, the inference itself remains and may provide evidence sufficient to persuade the trier of fact even though the rebutting evidence is introduced; it is always the inference and not the presumption that must be weighed against the rebutting evidence.

4. EVIDENCE — IRRELEVANT STATUTES.

An irrelevant statute should not be read to a jury.

5. EVIDENCE — STATUTES — JUDICIAL NOTICE — RULES OF EVIDENCE.

Judicial notice of a Michigan statute is mandatory if a party requests it, furnishes the court sufficient information to enable it properly to comply with the request, and has given each adverse party such notice as the court requires (MRE 202).

6. PARTNERSHIP — PARTNERSHIP BY ESTOPPEL.

Partnership by estoppel is established by proving two elements: (1) that the defendant represents himself to be a partner or consents to another's representation that he is a partner of one with whom he is not a partner and (2) that the person to whom the false representation is made relies on that representation to his detriment (MCL 449.16; MSA 20.16).

7. TRIAL — MEDIATION — APPEAL — SANCTIONS — COURT RULES.
    The mediation sanctions provided for in MCR 2.403(O) apply only
    through final judgment at the trial court level; sanctions for
    appellate expenses are set forth in MCR 7.216(C), but the rule
    does not provide for mediation sanctions for appellate activities.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs, Christine D. Oldani,* and *Mary Ellen Darin*), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Michael J. Sullivan* and *Noreen L. Slank*), for John F. Noonan and William M. Bolger.

Before: MACKENZIE, P.J., and HOOD and L. P. BORRELLO,* JJ.

L. P. BORRELLO, J. American Casualty Company appeals as of right from the jury verdict finding no cause of action against John F. Noonan, William M. Bolger and Noonan, Costello & Bolger. We affirm.

American filed suit in circuit court seeking reimbursement for $100,000 it expended pursuant to its surety obligations on a probate executor bond. Thomas M. Costello, the principal on the bond, had misappropriated estate funds and used them for his own purposes. American asserted that the remaining defendants were liable for its loss under the theory that Noonan, Costello & Bolger constituted a partnership in fact or a partnership by estoppel.

Before trial, the circuit court granted defendants partial summary disposition on American's claim of partnership by estoppel. That decision precluded only estoppel by direct representations to American, but left for trial whether American could establish a partnership by estoppel with regard to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the estate, to whose rights American would be subrogated. The court reasoned that American had sent preprinted, preexecuted bond forms directly to Costello, without investigation or inquiry into his association with Noonan and Bolger. Therefore, American could not prove the reliance necessary for a direct claim of partnership by estoppel. That decision was not appealed. The only two questions remaining for the jury to resolve were whether Noonan, Costello & Bolger was a partnership in fact and whether Costello had obtained the appointment as executor to the estate as a result of his association with Noonan and Bolger.

Costello and Noonan had practiced law together since the early 1960s. In 1975, Bolger became associated with them. The three attorneys practiced together under the name Noonan, Costello & Bolger, for which they filed a certificate of doing business under an assumed name. The certificate enabled them to open a checking account in the name of Noonan, Costello & Bolger.

Each of the three attorneys adamantly denied that they were partners, but rather asserted that they had joined together in an expense-sharing association. The three never executed a partnership contract, never agreed to share profits or losses, never filed or paid any partnership tax, and never had a client trust account under the Noonan, Costello & Bolger name. Although occasionally the three would "cover" for one another, the attorney appearing would bill the other for his time. Each attorney paid his own secretary, and each had his own separate set of files for his clients.

However, in many respects the attorneys operated as if they were a partnership. All three attorneys used stationery with the assumed name on its letterhead. Noonan, Costello & Bolger was

listed in the Michigan Bar Journal and Martindale-Hubbell. The office had one phone number, which was shared by the three attorneys. The expenses for the firm were paid out of the Noonan, Costello & Bolger account after each attorney deposited his share for that particular accounting period.

The jury indicated by special verdict form that Noonan, Costello & Bolger was not a partnership in fact and that the estate had not relied on Costello's association with Noonan and Bolger when Costello was appointed executor. Therefore, the jury concluded that American had no cause of action against defendants.

American raises five issues which we deal with seriatim.

I

American first asserts that the trial court erred in its treatment of MCL 445.3; MSA 19.825, concerning certificates of doing business under an assumed name, which provides in relevant part:

> (1) . . . A copy of the certificate duly certified to by the county clerk in whose office the same is filed shall be presumptive evidence in all courts of law in this state of the facts contained in the certificate. . . .
> (2) If 2 or more persons file a certificate to carry on a business under an assumed name, the certificate shall be prima facie evidence of a contract of partnership.

The certificate itself was admitted into evidence. On defendants' objection, the trial court denied American's request to admit a copy or take judicial notice of the statute. The trial court also declined to give American's requested special jury

instruction that the assumed name "certificate under the law, is prima facie evidence of a contract of partnership and [it] is for the jury to decide whether . . . [that presumption] has been rebutted." American argues that the trial court's actions deprived the jury of appreciating the certificate's legal significance. We disagree.

Prima facie evidence is evidence which, if not rebutted, is sufficient by itself to establish the truth of a legal conclusion asserted by a party. *People v Licavoli,* 264 Mich 643, 653; 250 NW 520 (1933). Statutory language making proof of one fact prima facie evidence of another fact is analogous to a statutory rebuttable presumption. See, e.g., *Raptis v Safeguard Ins Co,* 13 Mich App 193, 199; 163 NW2d 835 (1968).

In civil matters, a presumption operates to shift the burden of going forward with the evidence. *McKinstry v Valley Obstetrics-Gynecology Clinic, PC,* 428 Mich 167, 180; 405 NW2d 88 (1987). In *Widmayer v Leonard,* 422 Mich 280, 289; 373 NW2d 538 (1985), our Supreme Court stated:

> It is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and it permits that person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption.
>
> Almost all presumptions are made up of permissible inferences. Thus, while the presumption may be overcome by evidence introduced, the inference itself remains and may provide evidence sufficient to persuade the trier of fact even though the rebutting evidence is introduced. But always it is the inference and not the presumption that must be weighed against the rebutting evidence.

Even if the statute created a rebuttable presumption, the burden of proving the existence of a

partnership in fact remained with plaintiff throughout the trial. Once plaintiff had introduced the certificate of doing business under an assumed name, the burden to produce evidence that the relationship between the three lawyers was not a partnership shifted to defendants. Since defendants presented sufficient evidence to rebut American's prima facie evidence, only the underlying inferences remained for the jury.

The court correctly instructed the jury that the assumed name certificate was one factor, among others, which they could consider in determining whether a partnership in fact existed. It then became the jury's responsibility to weigh the inferences from the evidence to decide whether a partnership existed.

We also find no abuse of discretion in the trial court's refusal to read the statute to the jury or enter a copy of the statute into evidence. The trial court believed the statutory language would be confusing to the jury. Further, because defendants submitted rebuttal evidence, the prima facie status of the certificate became insignificant. An irrelevant statute should not be read to a jury. *Bourke v North River Ins Co,* 117 Mich App 461, 465-466; 324 NW2d 52 (1982).

The trial court erred, however, when it declined American's request that it take judicial notice of MCL 445.3; MSA 19.825. Judicial notice of a Michigan statute is mandatory in this state. MRE 202. However, no prejudice resulted from this error, since the circuit court correctly recognized and instructed that the certificate could be considered in determining whether a partnership in fact existed.

II

American next argues that the trial court erred

in excluding certain evidence of representations that Noonan, Costello & Bolger was a partnership. At trial, plaintiff offered for admission an application for professional liability insurance upon which Bolger's signature bore the designation "partner." The document also identified Noonan, Costello & Bolger as a partnership. American also objects to the exclusion of the Martindale-Hubbell listing for Noonan, Costello & Bolger as a firm. However, American's sole argument concerning these pieces of evidence is that its exclusion unfairly denied American an opportunity to prove a partnership by estoppel. This argument must fail.

Partnership by estoppel is established by proving two elements: (1) that the defendant represents himself to be a partner or consents to another's representation that he is a partner of one with whom he is not a partner and (2) that the person to whom the false representation is made relies on that representation to his detriment. MCL 449.16; MSA 20.16.

At this point, it is critical to note that the only partnership by estoppel question surviving at the time of trial concerned representations made to and relied upon by the estate. The question of estoppel concerning representation made to or relied upon by American had been dismissed before trial. Based on the only estoppel issue left for trial, the trial court properly excluded the proffered evidence. The estate would not have had reason or opportunity to have viewed the professional liability coverage, and no evidence was produced that the Martindale-Hubbell listings were consulted by anyone associated with naming Costello as executor of the estate. Therefore, the evidence was irrelevant to partnership by estoppel concerning the estate and was properly excluded on that issue. MRE 402.

Because American does not argue that the excluded evidence bore on the issue of partnership in fact or that the trial court erred in dismissing American's claim of partnership by estoppel concerning representations American relied on, we decline to address the admissibility of the evidence concerning those issues.

American also argues that the trial court erred by declining to admit or take judicial notice of certain sections of the Code of Professional Responsibility. Specifically, American wanted a copy of DR 2-102 provided for the jury. On appeal, American argues that the offered code sections were relevant to a claim of negligence. However, only two liability questions were submitted to the jury for decision. Neither question included any reference to negligence.

Assuming American could show a violation of the code, its damages would not have resulted from that violation. While proof of a violation of the Code of Professional Responsibility may be rebuttable evidence of malpractice, *Beattie v Firnschild,* 152 Mich App 785, 790-791; 394 NW2d 107 (1986), that does not mean that the code is thereby rendered wholly admissible per se. In the instant case, American's loss was incurred by Costello's wrongful conduct. The other defendants' liability was not premised on their wrongful conduct, but rather on their relationship to Costello. The code was therefore irrelevant to the issues being tried.

We find no error in the trial court's exclusion of the code as evidence.

III

American next argues that the trial court and defense counsel denied it a fair trial through the number and tone of unacceptably critical comments. After reviewing the record as a whole, we

conclude that the trial court's conduct did not deny American a fair trial. *Moldovan v Allis-Chalmers Mfg Co,* 83 Mich App 373, 380; 268 NW2d 656 (1978), lv den 406 Mich 916 (1979), cert den 444 US 1034 (1980). Nor do we believe the record reflects that defense counsel showed "through questioning and argument . . . a studied purpose to prejudice the jury." *Wilson v Stilwill,* 411 Mich 587, 605; 309 NW2d 898 (1981).

Considering the length of the trial and the problems presented for resolution, the instances cited in the record for which the jury was present are within an acceptable range of judicial and professional conduct. Only four of the fourteen trial court comments cited by American were made in the jury's presence. After reviewing those comments in context, we conclude that the following quotation from *Patrick v Carrier-Stevens Co,* 358 Mich 94, 97-98; 99 NW2d 518 (1959), is appropriate comment here:

> We cannot screen every word dropped by the harried trial judge; for in spite of his robe and respectability, he is still a human being, subject to the usual human frailties, including sometimes an unintended expression of emotion. Thus, so long as we continue to have men on our benches, and not computing machines, we must overlook occasional remarks such as the ones expressed here, else the wheels of justice would grind to a permanent halt.
>
> We therefore think the several remarks complained of, although they may have been somewhat irregular and perhaps in dubious taste, did not constitute prejudicial error. From the entire transcript it appears that all parties had both a long trial and a fair one.

IV

American next asserts that the trial court erred

when it declined to give American's proffered special jury instruction to cure alleged improper comments made by defense counsel during closing arguments. Viewed in context, we find the comments complained of to be within the bounds of proper argument. Defense counsel argued defendant's theory of the case based on logical inferences drawn from the evidence. See *Heintz v Akbar*, 161 Mich App 533, 539; 411 NW2d 736 (1987). Since the argument was proper, the proffered instructions were unnecessary.

V

American next argues that it was entitled to a default judgment against Noonan, Costello & Bolger, since that entity never filed an answer to the complaint. This argument is without merit.

About a week before the scheduled trial, American sought a default judgment against Noonan, Costello & Bolger, a partnership. Defendants Noonan and Bolger objected to the entry of default, since the question of whether a partnership existed was the central issue for trial. If the partnership was held not to exist, then service could not have been completed. The trial court denied American's motion, holding that issues of fact concerning whether the partnership existed would be tried to the jury.

We agree with the circuit court that a default judgment would have been inappropriate in the instant case. Even if the court rules might be read in a manner which would require that a default be entered, we note that MCR 1.105 provides:

These rules are to be construed to secure the

just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.

The central issue for trial was whether a partnership existed. The jury responded "no." Since the partnership of Noonan, Costello & Bolger by jury verdict does not exist, it is difficult for this Court to see any purpose for granting a default judgment. We find the trial court's handling of this issue to be without error.

### CONCLUSION

Having found no error concerning the issues raised on appeal, we affirm the judgment.

In a supplemental brief, defendants pray for an order remanding this matter to the trial court for determination of costs necessitated by this appeal pursuant to the mediation sanctions in MCR 2.403. Defendants argue that mediation sanctions apply to appellate activities. We disagree.

We believe that the mediation sanctions provided for in MCR 2.403(O) are only intended to apply through final judgment at the trial court level. The trial court in this case has awarded actual expenses for trial activities as a mediation sanction pursuant to MCR 2.403(O). Sanctions for appellate expenses are specifically set forth in MCR 7.216(C). Said rule does not provide for mediation sanctions for appellate activities. See, e.g., *Fisher v Detroit Free Press, Inc,* 158 Mich App 409, 416-419; 404 NW2d 765 (1987). Defendants' request to supplement the trial court's award of mediation sanctions under MCR 2.403(O) is denied.

Affirmed.