HALIW v CITY OF STERLING HEIGHTS

Docket No. 237269. Submitted March 12, 2003, at Detroit. Decided August 5, 2003, at 9:10 A.M.

Valeria and Ilko Haliw brought an action in the Macomb Circuit Court against the city of Sterling Heights after Valeria Haliw slipped and fell on an icy sidewalk. The city moved for summary disposition, arguing that the plaintiffs' claim was barred by the natural accumulation doctrine. The trial court denied the city's motion. The case was submitted to mediation and both parties rejected the award in the plaintiffs' favor. After granting the city leave to appeal the trial court's denial of summary disposition, the Court of Appeals, COLLINS, P.J., SAWYER and CAVANAGH, JJ., in an unpublished opinion per curiam issued October 5, 1999 (Docket No. 206886), affirmed. The Supreme Court granted the city leave to appeal, reversed the Court of Appeals, concluding that the plaintiffs' claim was barred, and remanded the case to the trial court for entry of an order granting the city summary disposition. 464 Mich 297 (2001). On remand, the city moved for entry of an order granting summary disposition and requested $31,618 in mediation, now case evaluation, sanctions, which included the city's appellate attorney fees. The trial court, Edward A. Servitto, Jr., J., granted summary disposition, but concluded that the city was not entitled to its appellate attorney fees under MCR 2.403(O). The city filed a supplemental motion for case evaluation sanctions in the amount of $5,335 for its trial court expenses. The trial court granted the city's motion, but exercised its discretion to award the city only $1,500 in sanctions, noting that the plaintiffs' claim had not been frivolous and that the appellate ruling established legal precedent benefiting the city. The city appealed the order granting sanctions, arguing that the trial court improperly excluded its appellate attorney fees. The plaintiffs cross-appealed, arguing that the trial court should not have awarded any sanctions pursuant to the "interest of justice" exception in MCR 2.403(O)(11).

The Court of Appeals *held*:

1. Appellate attorney fees that were necessarily incurred in obtaining a favorable verdict after rejection of a case evaluation award may be awarded as actual costs under MCR 2.403(O)(1). The

plain language of the rule neither allows nor disallows appellate attorney fees. The only qualifications regarding an award of attorney fees are that the trial court determine that the fees are reasonable and were necessitated by the rejection of the case evaluation. Moreover, amendments to the rule and case law have clarified that it is the ultimate verdict reached after appellate review, not whether the action proceeded to trial, which controls whether sanctions are appropriate. The trial court erred as a matter of law by refusing to consider awarding the city its reasonable appellate attorney fees, and the court's award of costs and attorney fees must be vacated and the matter remanded to the trial court for further proceedings.

2. MCR 2.403(O)(11), an exception to the general rule that a party who rejects a case evaluation must pay the opposing party's actual costs, provides that if a verdict is the result of a motion, the court may, in the "interest of justice," refuse to award actual costs to a prevailing party. The Court of Appeals has previously interpreted the term "interest of justice" for purposes of MCR 2.405(D) to require unusual circumstances in order to invoke such an exception to awarding fees. Factors normally present in litigation, such as whether the rejecting party's claims were frivolous, are insufficient, without more, to justify not imposing sanctions in the "interest of justice." The unusual circumstances necessary to invoke the exception may occur where a legal issue of first impression is presented, or where the law is unsettled and substantial damages are at issue, or where a party is indigent and an issue merits decision by a trier of fact. Thus, a trial court may invoke the "interest of justice" exception in MCR 2.403(O)(11) if unusual circumstances exist, and the court may exercise its discretion to refuse to award attorney fees, or may award something less than actual costs, but the trial court must articulate its reason for doing so. Because the trial court's partial award of costs and fees must be vacated, the trial court on remand shall review all the costs the city incurred and determine whether unusual circumstances exist in this case that justify an adjustment of actual costs in the "interest of justice."

Reversed and remanded; order granting the city's motion for case evaluation sanctions vacated.

WHITE, J., dissenting, stated that she disagrees with the majority's conclusion that MCR 2.403(O) allows for an award of appellate attorney fees, because the rule has consistently been interpreted as providing for attorney fees incurred at the trial level only, and that the amendments to the rule relied on by the majority were not intended to address the issue whether appellate fees and costs are assessable as case evaluation sanctions.

1. COSTS — CASE EVALUATION SANCTIONS — APPELLATE ATTORNEY FEES.

   Appellate attorney fees and costs that were necessarily incurred in obtaining a favorable verdict after rejection of a case evaluation award may be awarded as actual costs for purposes of awarding case evaluation sanctions. (MCR 2.403[O][1].)

2. COSTS — CASE EVALUATION SANCTIONS — INTEREST OF JUSTICE EXCEPTION.

   A trial court may, in the interest of justice, refuse to award a prevailing party its actual costs as sanctions for the other party's rejection of a case evaluation if the "verdict" is a judgment entered as a result of a ruling on a motion after rejection of the case evaluation and if unusual circumstances are present in the case. (MCR 2.403[O][2][c], [11].)

*Haliw, Siciliano and Mychalowych* (by *Andrew J. Haliw* and *Raymond L. Feul*) for the plaintiffs.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Bert T. Ross*), for the defendant.

Before: MARKEY, P.J., and WHITE and ZAHRA, JJ.

MARKEY, P.J. This case presents the question whether "actual costs," as provided in MCR 2.403(O), include reasonable appellate attorney fees necessary to obtain a favorable verdict after rejection of a case evaluation.[1] We hold that they do, and accordingly, reverse and remand for further proceedings in the trial court.

### I. OVERVIEW OF FACTS AND PROCEEDINGS

Mrs. Valeria Haliw was walking on a snow-covered sidewalk when she slipped and fell on a patch of ice

---

[1] Effective August 1, 2000, the procedure prescribed in MCR 2.403 was renamed "case evaluation." "Mediation" now refers solely to the process established by MCR 2.411, whereby a neutral third party assists the parties to explore solutions to promote a mutually acceptable settlement. As used in this opinion, however, "mediation" refers to the case evaluation process of MCR 2.403 and its predecessors.

that had formed where two sections of the sidewalk met to create a depression. Mrs. Haliw and her husband, Ilko Haliw, filed their complaint on January 6, 1997, alleging that defendant city of Sterling Heights breached its duty under MCL 691.1402 to maintain the sidewalk in a condition reasonably safe and convenient for public travel. After discovery, defendant moved for summary disposition, arguing that it was immune from liability because plaintiffs' claim was barred by the natural accumulation doctrine. See e.g., *Stord v Dep't of Transportation*, 186 Mich App 693, 694; 465 NW2d 54 (1991). On September 8, 1997, the trial court denied defendant's motion from the bench. Before the order granting summary disposition was entered, plaintiffs' claim was submitted to mediation. On October 13, 1997, both parties rejected the unanimous mediation award of $55,000 in plaintiffs' favor. On April 28, 1998, this Court granted defendant leave to appeal the trial court's denial of its motion for summary disposition. We affirmed the trial court, *Haliw v Sterling Hts*, unpublished opinion per curiam of the Court of Appeals, issued October 5, 1999 (Docket No. 206886), but our Supreme Court granted defendant leave to appeal and reversed, *Haliw v Sterling Hts*, 464 Mich 297; 627 NW2d 581 (2001). Our Supreme Court held that the natural accumulation doctrine precluded plaintiffs from recovering against defendant. *Id.* at 310-312. Accordingly, the Supreme Court reversed this Court and remanded the case to the trial court to grant defendant's motion for summary disposition. *Id.* at 312.

On remand, defendant moved for the entry of an order granting it summary disposition and for its costs and attorney fees pursuant to MCR 2.403(O).

Defendant requested $31,618 in case evaluation sanctions which included its appellate attorney fees. The trial court entered an order granting defendant summary disposition but agreed with plaintiffs that MCR 2.403(O) did not provide for payment of defendant's appellate attorney fees. Because the trial court could not segregate defendant's trial court costs and attorney fees from its appellate costs and attorney fees, the trial court requested that defendant do so and resubmit a bill of costs. Thereafter, defendant presented a supplemental motion for mediation sanctions in the amount of $5,335 for its trial court expenses. At the hearing on defendant's supplemental motion, the trial court recognized it had the discretion to not award costs or attorney fees, but noted that there were two sides to the case and that defendant had incurred expenses. The trial court further reasoned that because plaintiffs' claim was not frivolous and because the appellate ruling established legal precedent benefiting defendant, it would award defendant only $1,500 in case evaluation sanctions.

Defendant appeals by right the trial court's order granting case evaluation sanctions, arguing that although the trial court granted its motion, the trial court improperly excluded its appellate attorney fees. Defendant asserts that the plain language of MCR 2.403(O) permits awarding a litigant that ultimately obtains a verdict more favorable than a rejected mediation award its reasonable attorney fees without drawing any distinction between fees incurred in the trial court and those incurred on appeal. Plaintiffs cross-appeal, arguing that the trial court abused its discretion by failing to invoke the interest of justice exception of MCR 2.403(O)(11) and refusing to award

defendant any of its attorney fees under their exception.

## II. STANDARD OF REVIEW

We review de novo the interpretation and application of a court rule. *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001). Thus, whether MCR 2.403(O)(1) applies and mandates the imposition of sanctions presents a question of law that we review de novo. *Campbell v Sullins*, 257 Mich App 179; 667 NW2d 887 (2003); *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129-130; 573 NW2d 61 (1997). There are three exceptions to the general rule requiring the imposition of sanctions, one being MCR 2.403(O)(11), which allows trial courts to refuse to award actual costs to a prevailing party "in the interests of justice" when the verdict was entered as a result of a motion. *Great Lakes Gas, supra* at 130. We review for an abuse of discretion a trial court's refusal to award actual costs pursuant to MCR 2.403(O)(11). *Campbell, supra* at 205 n 9. A trial court's determination of the amount of "a reasonable attorney fee" under MCR 2.403(O)(6)(b) is also reviewed for an abuse of discretion. *Zdrojewski v Murphy*, 254 Mich App 50, 73; 657 NW2d 721 (2002); *Maryland Cas Co v Allen*, 221 Mich App 26, 32; 561 NW2d 103 (1997). A trial court abuses its discretion only if its decision is grossly contrary to fact and logic, *Michigan Basic Prop Ins Ass'n v Hackert Furniture Distributing Co, Inc*, 194 Mich App 230, 234; 486 NW2d 68 (1992), or evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias, *Elia v Hazen*, 242 Mich App 374, 377; 619 NW2d 1 (2000).

III. APPELLATE ATTORNEY FEES UNDER MCR 2.403(O)

We are required to apply general principles of statutory construction when interpreting the meaning of a court rule. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002); *Marketos, supra* at 413. When the language of the rule is clear and unambiguous, we must enforce the meaning plainly expressed. *Hinkle, supra* at 340, citing *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). If construction is necessary, the first principle guiding our review is to apply the plain language of the rule, giving effect to the ordinary meaning of the words used in light of the purpose to be accomplished. *Dessart v Burak*, 252 Mich App 490, 497; 652 NW2d 669 (2002); *Dykes v William Beaumont Hosp*, 246 Mich App 471, 484; 633 NW2d 440 (2001). The overall purpose of MCR 2.403(O) "is to encourage settlement, deter protracted litigation, and expedite and simplify the final settlement of cases." *Id.* at 498. Although the rule is not punitive, it places the burden of court costs and reasonable attorney fees incurred by the prevailing party on the party that forces the litigation to continue by rejecting case evaluation. *Id.*; *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22; 666 NW2d 310 (2003).

As a preliminary matter, we note that MCR 2.403 has been frequently amended. In general, this Court applies the version of the rule existing at the time mediation, now case evaluation, was rejected. *Dessart, supra* at 497. See also *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 481-482; 442 NW2d 705 (1989) (requiring application of the mediation rule in effect at the time of rejection to avoid injustice), and

*Herrera v Levine*, 176 Mich App 350, 359-360; 439 NW2d 378 (1989) (applying the version of the rule existing at the time of mediation).

On March 5 and 14,[1] 1997, the Michigan Supreme Court adopted several amendments of MCR 2.403 that initially were ordered to take effect on July 1, 1997, but were postponed until October 1, 1997. 454 Mich cxxii. In addition to other changes, the language in MCR 2.403(O)(1) was amended from "and the action proceeds to trial" to "and the action proceeds to *verdict.*" 454 Mich cxxvii (emphasis added); 429 Mich cxvi. Consequently, at the time mediation was rejected in this case, MCR 2.403(O)(1) provided, in pertinent part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation.

Further, MCR 2.403(O)(2), which defined "verdict," was amended in subsection c from "a judgment entered as a result of a ruling on a motion filed after mediation" to "a judgment entered as a result of a ruling on a motion after rejection of the mediation evaluation." 454 Mich cxxviii. The 1997 amendments did not change MCR 2.403(O)(6), which provided:

> For the purpose of this rule, actual costs are
>
> (a) those costs taxable in any civil action, and
>
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation. [434 Mich cxlvi; 454 Mich cxxviii.]

Here, the parties rejected the mediation award on October 13, 1997, twelve days after the 1997 amendments became effective. MCR 2.403(O) essentially contained the same language at the time the trial court granted defendant's motion for case evaluation sanctions.[2] Therefore, we analyze whether "actual costs" include appellate attorney fees pursuant to MCR 2.403 as amended October 1, 1997. *Dessart, supra* at 497; *Herrera, supra* at 359-360. We begin by noting that as a general rule, attorney fees are not recoverable either as an element of costs or damages unless recovery is expressly authorized by statute or court rule. *Grace v Grace,* 253 Mich App 357, 370-371; 655 NW2d 595 (2002). However, when the plain language of the amended version of MCR 2.403(O)(1), which eliminated the term "trial," is read together with MCR 2.403(O)(2) and MCR 2.403(O)(6), the following construction develops: If a party has rejected an evaluation and the action proceeds to verdict (a judgment entered as a result of a ruling on a motion after rejection of the case evaluation) that party must pay the opposing party's actual costs (costs taxable in any civil action, and a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation) unless the verdict is more favorable to the rejecting party than the case evaluation.

The plain language of the rule neither expressly allows nor disallows appellate attorney fees. The only qualifications regarding attorney fees are that a trial judge determine that the fees are reasonable, and that

---

[2] See n 1, *supra.*

they were "necessitated by the rejection" of the case evaluation. MCR 2.403(O)(6); *Campbell, supra* at 198-199. We have previously held that the language "necessitated by the rejection" is a temporal demarcation requiring only that the party entitled to recover its reasonable attorney fees in defending or pursuing a claim have incurred the fees after rejection of the evaluation. *Michigan Basic Prop Ins, supra* at 235. Therefore, a rejecting party "could be liable for any attorney fees incurred [by the prevailing party] after rejection of the case evaluation, so long as those fees were reasonable." *Campbell, supra* at 199. Further, the 1997 amendment removed the requirement of MCR 2.403(O)(1) that sanctions apply when "the action proceeds to trial,"[3] thus de-emphasizing "trial" as the sole or determinative proceeding in regards to awarding sanctions after rejection of a case evaluation. Moreover, this Court has held that it is the ultimate "verdict" after appellate review that controls whether sanctions are appropriate under MCR 2.403(O). *Hyde v Univ of Michigan Regents*, 226 Mich App 511, 526; 575 NW2d 36 (1997); *Keiser v Allstate Ins Co*, 195 Mich App 369, 374-375; 491 NW2d 581 (1992). Accordingly, we hold that appellate attorney fees may be awarded under MCR 2.403(O)(6)(b) because (1) they are not excluded, (2) a trial is not necessary to trigger sanctions, and (3) the applicable

---

[3] See *Herrera, supra* at 359 ("The express language of the rule itself sets forth only two conditions to trigger sanctions: (1) the party to be sanctioned rejected the mediation evaluation; and (2) 'the action proceeds to trial.' "), and *Mehelas v Wayne Co Community College*, 176 Mich App 809, 816; 440 NW2d 117 (1989) (" 'Until the Supreme Court sees fit to amend the rules, we conclude that MCR 2.403(O) only applies to cases that proceed to trial.' " [Citation omitted.]).

"verdict" for determining sanctions is that rendered after appellate review.

Our construction is consistent with this Court's interpretation of certain statutory provisions as permitting an award of appellate attorney fees to successful litigants where the statutes did not exclude appellate fees. In *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368; 652 NW2d 474 (2002), this Court held that MCL 570.1118(2) permits a trial court to award reasonable appellate attorney fees to a prevailing party under the Construction Lien Act, MCL 570.1101 *et seq*. The Court noted a similar holding under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, *id.* at 374-375, quoting *Smolen v Dahlmann Apartments, Ltd*, 186 Mich App 292, 297-298; 463 NW2d 261 (1990), and opined:

> Furthermore, this Court has determined in numerous other cases that attorney fees for services rendered in connection with appellate proceedings are recoverable under similarly worded statutes that likewise allow for the recovery of attorney fees and do not restrict the recovery to attorney fees incurred at the trial level. See *Leavitt v Monaco Coach Corp*, 241 Mich App 288, 311-312; 616 NW2d 175 (2000) (appellate fees recoverable under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 USC 2301 *et seq.*); *Grow v W A Thomas Co*, 236 Mich App 696, 720; 601 NW2d 426 (1999) (appellate attorney fees recoverable under the Civil Rights Act, MCL 37.2101 *et seq.*); *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686, 689-691; 476 NW2d 487 (1991) (appellate attorney fees available under Michigan's no-fault act, MCL 500.3148[1]); *Escanaba & L S R Co v Keweenaw Land Ass'n, Ltd*, 156 Mich App 804, 818-819; 402 NW2d 505 (1986) (appellate attorney fees available under the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*, even though the statute only allows recovery for expenses incurred in

defending against the improper acquisition of the property at issue).

The underlying purpose of MCR 2.403(O), " 'to encourage settlement and deter protracted litigation by placing the burden of litigation costs upon the party that required that the case proceed toward trial by rejecting the mediator's evaluation,' " further buttresses our conclusion. *Jerico Constr, Inc, supra* at 32, quoting *Broadway Coney Island, Inc v Commercial Union Ins Co*, 217 Mich App 109, 114; 550 NW2d 838 (1996). To exclude appellate attorney fees would frustrate the purpose of the rule to impose litigation costs on the rejecting party by allowing the rejecting party to avoid those fees and instead "burden [the prevailing party] because of an error of law on the part of the trial court." *Keiser, supra* at 374.

### IV. PRIOR DECISIONS OF THE COURT OF APPEALS

Plaintiffs rely primarily on this Court's prior decisions in *Giannetti Bros Constr Co, Inc v City of Pontiac*, 175 Mich App 442; 438 NW2d 313 (1989), and *American Cas Co v Costello*, 174 Mich App 1; 435 NW2d 760 (1989). In *American Cas Co*, the defendants sought recovery of appellate fees as mediation sanctions after the plaintiff unsuccessfully appealed a jury verdict of no cause of action. *Id.* at 13. In declining the defendants' request for appellate fees, this Court stated:

> We believe that the mediation sanctions provided for in MCR 2.403(O) are only intended to apply through final judgment at the trial court level. The trial court in this case has awarded actual expenses for trial activities as a mediation sanction pursuant to MCR 2.403(O). Sanctions for appellate

expenses are specifically set forth in MCR 7.216(C). Said rule does not provide for mediation sanctions for appellate activities. See, e.g., *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 416-419; 404 NW2d 765 (1987). Defendants' request to supplement the trial court's award of mediation sanctions under MCR 2.403(O) is denied. [*Id.*]

In *Giannetti Bros Constr Co, supra*, which involved consolidated appeals, this Court examined whether GCR 1963, 316.7 and 316.8, the predecessors of MCR 2.403(O), allowed recovery of postjudgment appellate attorney fees. In *Giannetti Bros Constr Co v Pontiac*, the first of the two consolidated appeals, both parties rejected the mediation award and, after a bench trial, the trial court entered a judgment of no cause of action in favor of the defendant. *Id.* at 444. Although the trial court initially awarded defendant its costs and attorney fees, after the plaintiff unsuccessfully appealed the judgment, the trial court ruled that the defendant's bill of costs was untimely. *Id.* at 444-445. The defendant successfully appealed this ruling, however, and sought to add its appellate attorney fees to its bill of costs, which the trial court denied. *Id.* at 445.

In *Dukay Air Ltd v Mitsubishi Aircraft Int'l, Inc*, the second consolidated appeal, the defendant rejected the mediation award, which the jury verdict exceeded after offsets. *Id.* The trial court denied the defendant's postjudgment motions and awarded the plaintiff costs. *Id.* at 446. The defendant appealed the judgment in favor of the plaintiff, and this Court affirmed. *Id.* Thereafter, the trial court denied the plaintiff's motion for appellate attorney fees and the plaintiff appealed to this Court. *Id.*

The *Giannetti* Court reviewed the issue whether the definition of "actual costs" then found in MCR 2.403(O)(3) included appellate attorney fees. Similar to its current version in MCR 2.403(O)(6), MCR 2.403(O)(3) defined actual costs as including "those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the . . . evaluation." *Giannetti Bros Constr Co, supra* at 447. This Court relied on *American Cas Co, supra,* to conclude that it did not:

> While we are not bound by decisions rendered by other panels of this Court, we are persuaded that *American Casualty* represents the correct view. Postjudgment appellate attorney fees do not fall within the realm of mediation sanctions awardable under the court rules. Accordingly, neither trial court abused its discretion in denying them. [*Giannetti Bros Constr Co, supra* at 447.]

First, neither *American Cas Co,* nor *Giannetti Bros Constr Co,* is controlling precedent because each was decided before November 1, 1990. MCR 7.215(J)(1). Second, the court rule interpreted in each case has been significantly amended since each case was decided in 1989. Finally, we do not concur in the implicit reasoning of the panel in *American Cas Co, supra,* adopted by the panel in *Giannetti Bros Constr Co, supra,* that appellate attorney fees may only be obtained under MCR 7.216(C), which provides for the recovery of actual damages if an opposing party pursues a vexatious appeal. MCR 7.216(C)(1) defines a "vexatious appeal" as one where:

(a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

(b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements or propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

MCR 7.216(C) may in some cases provide relief for unnecessary appellate attorney fees to a party who initially prevails in the trial court when an appeal by the opposing party is "vexatious," but it provides no relief to a litigant who ultimately prevails in the trial court after a successful appeal, as in the case at bar. By definition, a successful appellant has not pursued a vexatious appeal. Moreover, our Supreme Court has explicitly recognized that actual, reasonable attorney fees may be obtained under MCR 2.403(O) even where a statute also provides for the recovery of attorney fees, provided that the prevailing party receive no more than actual and reasonable fees. See *Rafferty v Markovitz*, 461 Mich 265, 272-273 and n 6; 602 NW2d 367 (1999), and *McAuley v Gen Motors Corp*, 457 Mich 513, 515-518; 578 NW2d 282, 284 (1998). The *McAuley* Court held that a litigant who had already recovered its reasonable attorney fees under a statutory provision[4] could not also recover attorney fees under MCR 2.403(O). *Id.* at 522. However, the Court in *McAuley* also recognized that "if the applicable statute limits the recovery of attorney fees to something less than a reasonable attorney fee and there are actual costs remaining, an additional

---

[4] MCL 37.1606(3) of the handicappers' civil rights act, MCL 37.1101 *et seq.*

award may be appropriate in some cases." *Id.* at 521. The *Rafferty* Court followed *McAuley* but repudiated its dicta that a double recovery of attorney fees may be possible in certain cases. *Rafferty, supra* at 272-273 and n 6. In sum, that one rule may permit the recovery of reasonable attorney fees, i.e., sanctions for frivolous claims or defenses authorized by statute, MCL 600.2591, and by court rules, MCR 2.114; MCR 2.625(A)(2), or for a vexatious appeal under MCR 7.216(C), does not preclude the application of MCR 2.403(O), provided a litigant has not already recovered all of its reasonable attorney fees under the other rule.

Moreover, MCR 7.216(C) and MCR 2.403(O) serve different purposes. While MCR 2.403(O) is designed to encourage settlement and deter protracted litigation, *Jerico Constr, Inc, supra* at 32; MCR 7.216(C) deters clear abuse of the appellate process, *DAIIE v Ayvazian*, 62 Mich App 94, 103; 233 NW2d 200 (1975), citing 6 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 194. Indeed, because MCR 7.216(C) is designed to impose sanctions where an appeal is brought "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal," MCR 7.216(C)(1)(a), the rule dovetails with our holding that MCR 2.403(O)(6) includes reasonable appellate attorney fees where a litigant is ultimately successful in the trial court after appellate review.

Similarly, plaintiffs' reliance on *DeWald v Isola (After Remand)*, 188 Mich App 697, 700-701; 470 NW2d 505 (1991) (holding that it is inappropriate to expand the scope of MCR 2.114, 2.625[A][2], and MCL 600.2591 to cover costs, including attorney fees,

incurred on appeal and remand for a frivolous action), and *Leavitt v Monaco Coach Corp*, 241 Mich App 288; 616 NW2d 175 (2000), also fails. *DeWald, supra*, is not pertinent because it does not interpret MCR 2.403(O), and because it analogizes to this Court's decisions in *American Cas Co, supra*, and *Giannetti Bros Constr Co, supra*, interpreting MCR 2.403(O) before its amendment in 1997. Likewise, this Court's comments in *Leavitt, supra* at 312 n 4, are dicta because the *Leavitt* panel concluded that the plaintiff waived the issue whether appellate attorney fees may be recovered under MCR 2.403(O). This Court is not bound by dicta under the first-out rule of MCR 7.215(J)(1). *Horace v City of Pontiac*, 456 Mich 744, 754-755; 575 NW2d 762 (1998); *Meyer v Mitnick*, 244 Mich App 697, 701; 625 NW2d 136 (2001).

Thus, after a careful review, we are neither bound by the prior decisions of this Court discussed above, nor are we persuaded that our interpretation of MCR 2.403(O) is wrong.

### V. MCR 2.403(O)(11) AND THE INTERESTS OF JUSTICE

Subsection 11 was added by the 1997 amendments to MCR 2.403(O) and provides:

> If the "verdict" is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs. [MCR 2.403(O)(11).]

Subsection 11 is one of three exceptions to the general rule set forth in MCR 2.403(O)(1) that a party who rejects a case evaluation "*must* pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evalua-

tion." (Emphasis added.) See also *Elia, supra* at 378-379; *Great Lakes Gas, supra* at 130. The present case implicates MCR 2.403(O)(11) because the "verdict" here was entered "as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). Subsection 11 patently confers discretion on the trial court to "refuse to award actual costs" where the verdict is entered as result of a motion and the trial court finds it is "in the interest of justice" to do so. Because the rule does not define "interest of justice," we must "look to the language and purpose of the rule" for definition. *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996).

The *Luidens* panel addressed the meaning of the term "interest of justice" found in MCR 2.405(D)(3), which creates an exception to the imposition of sanctions for rejecting an offer of judgment. *Id.* We find *Luidens* instructive because both MCR 2.403(O), imposing costs for rejecting a case evaluation, and MCR 2.405(D), imposing costs for rejecting an offer of judgment, serve identical purposes of deterring protracted litigation and encouraging settlement. *Dessart, supra* at 498; *Luidens, supra* at 31. The two rules are not identical, however. MCR 2.405(D)(3) gives trial courts the discretion, in all cases where an offer of judgment has been rejected, to decline to impose attorney fees in the "interest of justice." On the other hand, MCR 2.403(O)(11) applies only to verdicts rendered as a result of a motion but grants the trial court discretion to refuse to award "actual costs," which include both court costs and reasonable attorney fees. The term "interest of justice" in MCR 2.403(O)(11) must not be too broadly applied so as to

swallow the general rule of subsection 1 and must not be too narrowly construed so as to abrogate the exception. *Luidens, supra* at 33. This Court further held that factors normally present in litigation, such as a refusal to settle being viewed as "reasonable," or that the rejecting party's claims are "not frivolous," or that disparity of economic status exists between the parties, are insufficient "without more" to justify not imposing sanctions in the "interest of justice." *Id.* at 33-34, 37. Rather, the unusual circumstances necessary to invoke the "interest of justice" exception may occur where a legal issue of first impression is presented, *id* at 35, or

> "where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant . . . ." [*Id.* at 36, quoting Judge HARRISON in *Nostrant v Chez Ami, Inc*, 207 Mich App 334, 340; 525 NW2d 470 (1994).]

The *Luidens* panel further opined:

> The common thread in these examples is that there is a public interest in having an issue judicially decided rather than merely settled by the parties. In such cases, this public interest may override MCR 2.405's purpose of encouraging settlement. These examples involve unusual circumstances under which the "interest of justice" might justify an exception to the general rule that attorney fees are to be awarded. We recognize, of course, that the factors suggested here as relevant to the "interest of justice" exception are not exclusive. We offer them only as examples. Other circumstances, including misconduct on the part of the prevailing party, may also trigger this exception. [*Id.* at 36.]

In *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461; 624 NW2d 427 (2000),

this Court followed the "unusual circumstance" inter-
pretation of the phrase "interest of justice," as found
in MCR 2.405(D)(3). Indeed, the *Stitt* panel deter-
mined that the trial court had abused its discretion by
not invoking the exception. Specifically, this Court
concluded that the combination of two "unusual cir-
cumstances," the unsettled nature of the law and the
"gamesmanship" evidenced by the large disparity
between the rejected mediation evaluation and the
defendant's offer of judgment, compelled invocation
of the "interest of justice" exception to awarding
attorney fees. *Id.* at 471-476.

Recently, this Court applied the "abuse of discre-
tion" standard employed in reviewing a trial court's
application of MCR 2.405(D)(3) to reviewing a trial
court's decision whether to invoke the "interest of
justice" exception in MCR 2.403(O)(11). *Campbell,*
*supra* at 205 n 9. The plaintiff in *Campbell* advanced
four theories at trial: two statutory claims, a breach
of contract claim and a fraud claim. *Id.* 184. The trial
court directed verdicts in the defendant's favor
regarding the statutory claims, and the jury returned
verdicts of no cause of action on the contract and
fraud claims. *Id.* at 185. The trial court found no com-
pelling reason to invoke MCR 2.403(O)(11) because
the defendant incurred the same costs regarding the
statutory claims as if the case had continued to jury
verdict. This Court found no abuse of discretion by
the trial court. *Campbell, supra* at 205-206. The
*Campbell* Court noted:

> We deem it appropriate to apply the same standard of
> review, abuse of discretion, as utilized by this Court in
> reviewing a trial court's decision in regard to the interest-of-
> justice exception found in the sanctioning provisions of the

offer-of-judgment rule, MCR 2.405(D)(3). *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461, 472, 476-477; 624 NW2d 427 (2000). [*Id.* 205 n 9.]

In sum, we conclude that if the trial court finds on the basis of all the facts and circumstances of a particular case and viewed in light of the purposes of MCR 2.403(O) that unusual circumstances exist, it may invoke the "interest of justice" exception found in MCR 2.403(O)(11). It follows that if the exception applies, the trial court may, in the exercise of its discretion, refuse to award any costs or attorney fees, or may award something less than "actual costs," i.e., something less than taxable costs and reasonable attorney fees. The trial court must, however, articulate the bases for its decision. *Luidens, supra* at 32, citing *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596-597; 543 NW2d 60 (1995).

In the present case, because we have concluded that the trial court erred as matter of law by refusing to consider awarding defendant its reasonable appellate attorney fees, we must vacate the trial court's award of costs and reasonable attorney fees and remand the matter to the trial court for further proceedings consistent with this opinion. Therefore, we do not address whether the trial court's partial award of costs and attorney fees incurred by defendant in the trial court was an abuse of discretion. On remand, the trial court shall review all of the costs defendant incurred, including trial and appellate attorney fees, to determine its "actual costs" under MCR 2.403(O)(6), and determine whether unusual circumstances are present in this case that justify an adjustment of "actual costs" in the "interest of justice" under MCR 2.403(O)(11).

### VI. CONCLUSION

We vacate the order granting defendant's motion
for case evaluation sanctions and remand this matter
to the trial court for further proceedings consistent
with this opinion. We do not retain jurisdiction. No
taxable costs are awarded pursuant to MCR 7.219
because neither party prevailed in full and a question
of public policy was involved.

ZAHRA, J., concurred.

WHITE, J. (*dissenting*). I respectfully dissent. MCR
2.403 consistently has been interpreted as providing
for attorney fees incurred at the trial level only, and
as not providing for attorney fees incurred on appeal.
*Leavitt v Monaco Coach Corp*, 241 Mich App 288, 312
n 4; 616 NW2d 175 (2000); *Giannetti Bros Constr Co,
Inc v City of Pontiac*, 175 Mich App 442, 447; 438
NW2d 313 (1989); *American Cas Co v Costello*, 174
Mich App 1, 13; 435 NW2d 760 (1989). See also Dean
& Longhofer, Michigan Court Rules Practice,
§ 2403.22, p 533. None of these cases relied on MCR
2.403's then-requirement that the case proceed to trial
in order for mediation sanctions to be invoked.[1]

---

[1] I observe that *Keiser v Allstate Ins Co*, 195 Mich App 369; 491 NW2d
581 (1992), which the majority notes held that the ultimate "verdict" after
appellate review controls whether sanctions are appropriate under MCR
2.403(O), recognized a distinction between the inquiry before it and two
issues previously decided in the negative in other cases—whether sanc-
tions could be based on a pretrial motion, rather than a trial verdict, and
whether costs and expenses on appeal are recoverable under MCR
2.403(O). While the instant issue was not before the *Keiser* Court, the
Court, having acknowledged the changes in the mediation rule that per-
mitted an award of sanctions following a pretrial grant of summary dispo-
sition, then distinguished the cases that held that appellate costs and fees
are not recoverable, explaining that "sanctions for appellate expenses are

The changes in the court rule relied upon by the majority were not intended to address the issue whether appellate fees and costs are assessable as mediation sanctions. Rather, the changes were addressed at making mediation sanctions available where a party prevails on motion, rather than at trial. I would not read the changes as evidencing an intent by the Supreme Court to modify the construction previously given the rule with respect to whether appellate attorney fees are appropriately included as an element of mediation sanctions.

---

expressly set forth in MCR 7.216(C), which does not provide for mediation sanctions." *Keiser, supra* at 374.